**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 818-907-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorneys for Plaintiff:*
*Jesse Lowman*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JESSE LOWMAN,<br><br>          Plaintiff,<br>   vs.<br><br>AMERICAN EDUCATION SERVICES; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES LLC<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**<br><br>THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.] |

## **INTRODUCTION**

1. Jesse Lowman ("Plaintiff") bring this action to secure redress from American Education Services ("AES"), Experian Information Solutions Inc. ("Experian"), and Equifax Information Services LLC ("Equifax") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their illegal reporting on Plaintiff's credit reports.

///

///

# PARTIES

2. Plaintiff Jesse Lowman is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently reside in: Maricopa County, Arizona.

3. Defendant, AES is a loan offering company that offers student loans, family education loans, and alternative student loan products. AES's main office is located in Harrisburg, Pennsylvania and regularly transacts business throughout the United States, including Arizona, and can be served at AES Loan Servicing, 1200 North 7th Street, Harrisburg, PA 17102.

4. AES is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).  In addition, AES engages in the practice of collecting debts defined in 15 U.S.C. 1692a(6).

5. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5).  On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

6. Defendant, Equifax Information Services LLC is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5).  On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

7. On information and belief, Experian and Equifax disburse the *consumer reports* to third parties under contract for monetary compensation.

8. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

9. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.  Defendants transact business in this district, as such personal jurisdiction is established.

COMPLAINT AND DEMAND FOR JURY TRIAL

## FACTUAL ALLEGATIONS

11. Plaintiff has taken out three separate student loans from AES since 2006.

12. Those account numbers are: 7612053895pa00002, 7612053895pa00003, and 7612053895pa00004.

13. Plaintiff continuously made payments on his loans each month until the loans were paid off entirely.

14. Plaintiffs promissory note defines an event of default as follows: (1) **I** fail to make any monthly payment to you when due; (2) **I** die; (3) **I** break any of my other promises in this Credit Agreement; (4) any bankruptcy proceeding is begun by or against **me**; or (5) **I** make any false written statement in applying for this loan or any other loan or at any time during the Deferment or Repayment Periods.

15. Plaintiff did not fail to make on time monthly payments.

16. Plaintiff did not die

17. Plaintiff did not break any of his promises in the Credit Agreement.

18. Plaintiff did not file for bankruptcy.

19. Plaintiff did not make any false statements.

20. Plaintiff's father was a co-signor on the promissory note.

21. In or around July of 2014, Plaintiff's father Bruce Lowman filed for Chapter 13 bankruptcy reorganization.

22. Despite Plaintiff having made timely payments for years and the loans being nearly paid off, AES sent the loans to collections with Transworld Systems Inc. without notifying Plaintiff, who had not filed for bankruptcy and had not been late on his loan payments.

23. Plaintiff immediately reached out to AES and was told that the loans were now being serviced by Transworld and he needed to pay the balance to them.

24. Plaintiff, in August of 2014, before the next payment would have been late, paid the entire loan balance off for all three loans.

25. In or around August of 2015 Plaintiff discovered that the student loans were reporting as "Derogatory" on his credit report and showing past due.

26. Plaintiff sent dispute letters to Equifax, Trans Union and Experian explaining that the loans were paid off before they could have been charged off and that the reporting was incorrect.

27. Trans Union and Experian responded but did not remove the charge off status, Equifax did not respond.

28. Plaintiff disputed the accounts again in September of 2015 with the Credit Reporting agencies and also sent a dispute directly to AES.

29. Again, Trans Union and Experian responded but did not remove the derogatory status, Equifax and AES did not respond.

30. Plaintiff again disputed the reporting of the account in October of 2015 with all three Credit Reporting Agencies and AES.

31. This time Equifax deleted one of the trade lines while Trans Union continued to report the derogatory account; Experian and AES did not respond.

32. In January of 2016 Plaintiff pulled a copy of his consumer reports and noticed that the three accounts were still reporting as bad debt, showing past due balances and in some cases showing balances being due.

33. On or about April 4, 2016, Plaintiff sent dispute letters, via certified mail, to each of the three Credit Bureaus (TransUnion, Equifax, and Experian).

34. With the dispute letters, Plaintiff attached letters confirming that all of the accounts had been paid in full.

35. On April 17, 2016, Experian replied to the dispute and explained that since they had previously verified the account as reporting accurately it would not be considering Plaintiff's dispute.

36. On May 5, 2016, Equifax replied to the dispute and verified that they were reporting the account information correctly.

37. On May 7, 2016, TransUnion replied to the dispute and they updated the balance to $0, but continued to mark it as "Charged-Off".

38. On May 5, 2016, Plaintiff sent a second round of dispute letters, via certified mail, to all three credit bureaus.

39. The second round of disputes described that Plaintiff's father (co-signer on the loans) had filed bankruptcy, but Plaintiff had not. Plaintiff continued to pay the loans and they should not be labeled as "bad debt" or "charged-off".

40. On May 14, 2016, Equifax responded to the dispute and updated the balance to $0. They did continue to report the account status as a charge-off.

41. On June 8, 2016, Experian responded to the dispute and updated the balance to $0. They also continued to report the account status as charged off.

42. On June 15, 2016, TransUnion responded to the dispute and deleted the account information altogether.

43. Equifax and Experian continue to report the accounts as charged off and as bad debt; although Equifax has deleted one of the accounts from Plaintiff's credit report.

44. By reporting the accounts as Charge offs, the Defendants mislead prospective lenders to believe that there is a collectable balance owed, or that the debt went into default at some point.

45. The inaccurate reporting by Defendants has lowered Plaintiff's credit score, resulting in a higher than expected interest rate when Plaintiff refinanced their home mortgage.

//

//

# FIRST CAUSE OF ACTION
## All Defendants
### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The FCRA requires a furnisher such as AES, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

48. Since July of 2015 and until the present, AES has provided inaccurate information to the credit reporting agencies.

49. During that time, Plaintiff notified Defendants that the reported account information was inaccurate. Thereafter, the credit reporting agencies notified Defendant AES that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

50. Defendant AES violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

(a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information concerning Plaintiff mortgage;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

51. Defendant AES's conduct was a direct and proximate cause, as well as a substantial factor, in causing injuries, damages and harm to Plaintiff that are

outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

52. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

53. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

54. The Defendant, credit-reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

55. The Defendant, credit-reporting agencies, failed to review and consider all relevant information submitted by Plaintiff.

56. The Defendant, credit reporting agencies, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

57. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

58. The Defendant, credit-reporting agencies, violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

  A. Actual damages; 15 U.S.C. § 1681n(a)

  B. Statutory damages; 15 U.S.C. § 1681n(a)

  C. Punitive Damages; 15 U.S.C. § 1681n(a)(2)

  D. Costs and reasonable attorney's fees; 15 U.S.C. § 1681n(a)(3)

  E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 5th day of October, 2016,

                                    **PRICE LAW GROUP, APC**

                                    By:  */s/David A. Chami*

                                    David A. Chami
                                    *Attorneys for Plaintiff Jesse Lowman*